IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01749-PAB

CARMEN BUTLER,

    Plaintiff,

v.

AT&T,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the notice of removal [Docket No. 1] filed by AT&T Services, Inc., William Jones, Toni Mansur, Daryl Miller, Sylvia Duncan, and Tom Balle (collectively, "defendants"). Defendants state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 4.

Plaintiff's petition lists only "AT&T" as a defendant in the caption. Docket No. 1-2 at 1. Thus, for the purposes of determining whether this Court has subject matter jurisdiction, the Court would ordinarily focus solely on plaintiff and AT&T. The notice of removal, however, states that AT&T Services, Inc. is the entity that employed plaintiff and that the individuals filing the notice of removal are plaintiff's intended defendants.[1]

---

[1] Defendants' notice of removal creates a new caption that defendants believe more correctly reflects the true parties in this case. Docket No. 1 at 1 n.1. However, defendants have no authority to amend the caption. Rather, plaintiff controls the caption, at least before defendants answer; correcting the caption will need to be done by plaintiff through an amended complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").

Docket No. 1 at 1 n.1. As to AT&T, it seems appropriate to focus the subject matter jurisdiction inquiry on AT&T Services, Inc. since that entity employed plaintiff and plaintiff's claims are for employment discrimination. See Docket No. 1-2 at 6-7. As to the individuals who filed the notice of removal, the Court agrees that plaintiff intends for them to be defendants since plaintiff refers to them as defendants throughout the petition. *Id*. at 1.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. See *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. See *Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. See *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such

jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 4. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently averred are insufficient to establish the citizenship of defendants William Jones, Toni Mansur, Daryl Miller, Sylvia Duncan, and Tom Balle (collectively, the "individual defendants").

The notice of removal states that each of the individual defendants is a "resident" of a state other than Colorado. Docket No. 1 at 3, ¶¶ 7-11.[2] However, domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Because defendants' allegations are presently insufficient to allow the Court to determine the citizenship of the individual defendants or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the

---

[2] The notice of removal also deficiently alleges that plaintiff is a resident of Colorado, but plaintiff alleges in her petition that she is a Colorado citizen. Docket No. 1-2 at 1, ¶ 3.

facts essential to show jurisdiction.") (citations and internal quotation marks omitted), it is

ORDERED that, on or before **5:00 p.m.** on **July 25, 2018**, defendants shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED July 11, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge